### HEIRS OF CURTIS *vs.* YOUNG.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT
PRESIDING.

A surety who is sued for the price of slaves purchased at a probate sale by the wife of the deceased partner, cannot set up a claim in compensation for the usufruct interest allowed to her for her marital portion after she is dead.

The plaintiffs sue for the recovery of one thousand and ninety-one dollars and seventy-five cents, the balance due on the price of two slaves purchased at the probate sale of Chas. Curtis's estate, by Mary Drake, with John G. Young as one of her sureties. Both her and the other surety are dead and the plaintiffs seek to make the money out of the defendant, and subject the slaves so purchased, in his hands, to the vendor's mortgage.

Young pleads payment, and sets up a balance in reconvention for usurious and illegal interest, paid to the plaintiffs through error.

The plaintiffs had judgement for one thousand and eleven dollars and eighty-four cents, with interest and costs, and that the slaves mortgaged be seized and sold to satisfy the judgement. The defendant appealed.

*Boyce*, for the plaintiffs:

The widow Drake (formerly Mrs. Curtis,) was put on the tableau of her former husband's estate as a creditor for the

full amount of her claim and judgement. It was but a usu-
fruct only, and she is now dead, so that any claim she ever had is totally extinguished and gone.

*Flint,* for defendant, contended:

That as suit was instituted on the *proces verbal* of the sale of Curtis's estate for the price of slaves purchased by the widow, that her judgement against the estate decreeing to her her marital portion, should be imputed to the payment of what she purchased.

*Thomas,* on same side, insisted:

That the judgement of Mrs. Curtis (late Mrs. Drake) against the estate of Curtis, was not in usufruct, but for money which can never be had unless it is allowed in compensation or set off.

MATHEWS, J., delivered the opinion of the court.

This suit is brought to recover from the defendant a balance which the plaintiffs allege he owes to them as surety for the payment of the price of certain slaves purchased by one Mary Curtis, *alias* Drake, at the probate sale of the succession of their ancestor. The sum of money claimed by the petitioners is one thousand and ninety-one dollars and seventy-five cents. The court below, on an examination of the accounts as stated between the parties, rendered judgement in favor of the plaintiffs for one thousand and eleven dollars and eighty-four cents, from which the defendant appealed.

The correctness of this judgement depends mainly on matters of fact, and with regard to the propriety of the conclusion on those to which the court below came, we are unable to discover any evidence in the record to impugn that conclusion.

The defendant claimed to offset a judgement which had been obtained in the Court of Probates by Mary Curtis (his

A surety who is sued for the price of slaves purchased at a probate sale by the wife of the

WESTERN DIS.
October, 1832.

principal in the obligation sued on) against the estate of the plaintiffs, for her marital portion. This was decreed to her in usufruct during her life. She is now dead, and was not during her life entitled to any thing except the interest on the sum allowed to her according to the terms of the judgement by which it was decreed to her. The evidence of the case does not show the amount of arrearages of interest, nor indeed that any remain unpaid. The claim in compensation is too uncertain to be allowed. It seems to be wholly unliquidated and is not explicitly stated in the answer.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.